IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA RAMOS,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C 11-05033 WHA

**ORDER DENYING DEFENDANT'S RULE 35 MOTION AND VACATING HEARING**

## INTRODUCTION

In this employment-discrimination dispute, defendant moves to compel a mental and physical examination pursuant to Rule 35. For the reasons stated below, defendant's motion is **DENIED**. The hearing scheduled for September 13, 2012, is **VACATED**.

## STATEMENT

Plaintiff Sandra Ramos is a health inspector for the San Francisco Department of Public Health ("DPH"), where she has worked for the past twenty-three years. In 2005, plaintiff experienced symptoms of anxiety and depression and was placed on medical leave. Upon her return to work, she was diagnosed with attention deficit hyperactivity disorder. Plaintiff alleges that her ADHD disability caused difficulties with managing time, organizing and prioritizing tasks, concentrating under pressure, avoiding distractions and organizing thoughts and materials.

Accordingly, plaintiff disclosed her disability to DPH and requested various accommodations (Compl. ¶¶ 9–10, 14).

In July 2011, plaintiff was suspended from work without pay on the basis of four "charges": "(1) not submitting daily reports in a timely manner with documentation; (2) not completing 'time-in' and 'time-out' on inspection forms; (3) not spending at least 67% of her work time on inspections (excessive administrative time); (4) failure to report high risk violations." The fourth charge was dropped by DPH. Plaintiff alleges that the charges are a result of her disability and defendant's failure to reasonably accommodate her (Compl. ¶¶ 44–45).

Plaintiff had undergone psychological testing at the Berkeley Therapy Institute. In a June 2012 letter, plaintiff's psychologists provided a detailed explanation of the tests administered and a summary of the results, including the raw data. Plaintiff delivered this letter to defendant and requested the accommodations recommended by her psychologists (Ramos Decl. ¶¶ 4–5).

In the instant motion, defendant seeks an order compelling an additional mental examination, as well as a physical examination. Specifically, defendant seeks examinations that may include:

> detailed interviews with [p]laintiff concerning her personal and family history, social interactions, and medical history, including history of any treatment she received from any physical and emotional problems; a physical examination by Dr. Gould; and the administration of standardized psychological or and cognitive/neuropsychological testing.

(Br. 2). Plaintiff contends that defendant has not demonstrated good cause for requesting an additional mental examination when it has not had an expert analyze the current examination results.

**ANALYSIS**

Rule 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The party seeking to compel the mental or physical examination bears the burden of demonstrating that plaintiff has placed her mental or physical condition in controversy and that good cause exists for the examination. In *Schlagenhaug*, the United States

1  Supreme Court stated that the "in controversy" and "good cause" requirements are not met by
2  "mere conclusory allegations of the pleadings — nor by mere relevance to the case — but
3  require an affirmative showing by the movant that each condition as to which the examination is
4  sought is really and genuinely in controversy and that good cause exists for ordering *each*
5  particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964) (emphasis
6  added).

7  Although our court of appeals has not addressed the "in controversy" requirement,
8  district courts have provided insight. A plaintiff's mental or physical condition is "in
9  controversy" when the condition is the subject of the litigation. *Haqq v. Stanford Hospital &
10 Clinics*, C 06-5444 JW (RS), 2007 WL 1593224 (N.D. Cal. 2007) (Seeborg, J). Additionally, a
11 condition is in controversy if the plaintiff alleges an emotional distress injury and the presence
12 of one of the following: (1) a claim for intentional or negligent infliction of emotional distress,
13 (2) an allegation of specific mental or psychiatric injury or disorder caused by the defendant's
14 conduct, (3) a claim of unusually severe emotional distress, (4) an intent to offer expert
15 testimony regarding the asserted emotional distress injury, or (5) a concession that the mental
16 condition is "in controversy" within the meaning of Rule 35. *Turner v. Imperial Stores*,
17 161 F.R.D. 89, 95–98 (S.D. Cal. 1995) (Aaron, J).

18 "'Good cause' . . . requires a showing that the examination could adduce specific facts
19 relevant to the cause of action and necessary to the defendant's case.' It is within the broad
20 discretion of the district court to determine whether a party must submit to examination."
21 *Lester v. Mineta*, C 04-03074 SI, 2006 WL 3741949 (N.D. Cal. 2006) (Illston, J). Several factors
22 are used to determine whether good cause exists: the possibility of obtaining desired information
23 by other means; whether plaintiff plans to prove her claim through expert testimony; whether
24 the desired materials are relevant and whether plaintiff asserts ongoing emotional distress.
25 *Haqq,* C 06-5444 JW RS, 2007 WL 1593224 at 1. Good cause must be shown for each
26 particular examination. *Schlagenhauf*, 379 U.S. 104 at 118.

### 1. MENTAL EXAMINATION.

Plaintiff contends that the psychological examination conducted at the Berkeley Therapy Institute is sufficient for the defendant to assess her mental condition without an additional examination. Defendant must show good cause for why an additional and independent examination is necessary. Its conclusory statement that "a document review by [it's own] psychologist or psychiatrist cannot substitute for a in-person meeting" does not satisfy good cause. Defendant has not demonstrated that the psychological examination — that has been fully produced — does not provide discovery by other means. Its own assessment of the plaintiff's alleged mental disability is not sufficient to call into doubt the medical diagnosis made by plaintiff's psychologists. Defendant's failure to have its own expert analyze the plaintiff's current examination is a fatal misstep. The rest of the factors may carry little weight if discovery by other means is sufficient.

Defendant contends that having an expert support this motion will force the city to incur unnecessary costs. The cost of an expert does not displace the good cause requirement. Also, the costs are necessary. The expert may find that the raw data supports the plaintiff's diagnosis, making additional testing unnecessary. Plaintiff will not be compelled to endure the burden and expense of additional testing unless good cause is shown. Because defendant has not established good cause, this order need not discuss the in controversy requirement. Defendant's request for a mental examination is **DENIED**.

### 2. PHYSICAL EXAMINATION.

Defendant requested a physical examination in its notice motion but failed to sufficiently discuss the physical examination in its briefs. Good cause must be shown for each particular examination. *Schlagenhauf*, 379 U.S. 104 at 118. Even if good cause was established, the physical examination would fail because plaintiff's physical condition is not in controversy. Defendant does not allege that plaintiff's physical condition is the subject of the litigation. And indeed it is not. Additionally, the *Turner* factors are not on point. Defendant stated that it "does not seek a Rule 35 examination because [p]laintiff is claiming emotional distress damages" (Reply Br. 3). *Turner* is not applicable because it was based on emotional distress

4

damages and defendant has argued its way out of *Turner*. Accordingly, the in controversy requirement is not met. Defendant's request for a physical examination is **DENIED**. Moreover, plaintiff's motion to strike portions of defendant's motion is moot because this motion is denied on the grounds stated above.

## CONCLUSION

For the reasons mentioned above, the Rule 35 motion is **DENIED WITHOUT PREJUDICE**. The hearing scheduled for September 13, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE